## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BRANCH BANKING AND TRUST COMPANY**
223 West Nash Street
Wilson, NC  27893

and

**JOHN S. BURSON, TRUSTEE**
13135 Lee Jackson Highway
Suite 201
Fairfax, VA 22033

and

**GREGORY N. BRITTO, TRUSTEE**
13135 Lee Jackson Highway
Suite 201
Fairfax, VA 22033

     Plaintiffs,

v.

**U.S. INTERNAL REVENUE SERVICE,**
<u>Serve</u>:     Internal Revenue Service
           Commissioner's Office
          1111 Constitution Avenue, N.W.
          Washington, D.C. 20244

<u>And Serve</u>:    Ronald C. Machen, Jr.
          United States Attorney for the
           District of Columbia
          555 4th Street, N.W.
          Washington, DC  20530

<u>And Serve</u>:    Eric H. Holder, Jr.
          Attorney General of the United States
          U.S. Department of Justice
          950 Pennsylvania Avenue, N.W.
          Washington, DC  20530-0001

And

Case No. _____

*(Left margin, vertical text):* Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC  20036-3437

1730643v.1

**DARRYL STACEY MILAM**
7200 Wisconsin Ave
Suite 1101
Bethesda, MD 20814

      Defendants.

## COMPLAINT

**COME NOW** plaintiffs Branch Banking and Trust Company (the "Lender"), John S. Burson, Trustee and Gregory N. Britto, Trustee, and present this Complaint against the United States Internal Revenue Service ("IRS") and Darryl S. Milam ("Borrower") and state as follows:

### PARTIES

1. Branch Banking and Trust Company is a North Carolina company licensed to transact business within the District of Columbia.

2. John S. Burson, Trustee is a natural person residing in the Commonwealth of Virginia.

3. Gregory N. Britto, Trustee is a natural person residing in the Commonwealth of Virginia.

4. Borrower is a natural person residing in the State of Maryland.

5. The IRS is a bureau of the United States Department of the Treasury.

### JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(f) as this matter seeks to quiet title to an interest in real property in which an interest is claimed by the United States.  In addition, this Court has jurisdiction over this action pursuant to  28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

1730643v.1

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

7.  Venue is proper in this judicial district under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims at issue in this case took place in this judicial district.

## FACTUAL BACKGROUND

8.  By Deed dated June 25, 2002, improved real property located 2153 California Street, N.W., Unit No. 205, Washington, DC 20008 (the "Property") was conveyed to Borrower.

9.  A true and exact copy of the June 25, 2002 Deed is attached hereto and incorporated herein as **Exhibit A**.

10. The Deed was recorded in the Land Records of the District of Columbia on June 27, 2002 and provided with Instrument Number 2002075539.

11. The Property is more accurately described as follows:

> Unit 205 in the Condominium known as "CALIFORNIA COURT CONDOMINIUM", according to the Declaration of Condominium recorded December 13, 1985 as Instrument No. 46926, as amended, and the By-Laws of Condominium recorded December 13, 1985 as Instrument No. 46927, as amended, among the Land Records of the District of Columbia, and as per plat recorded in the Office of the Surveyor for the District of Columbia in Condominium Book 33 at Page 11, as amended.

> Together with an undivided percentage share interest in the common Elements of said "CALIFORNIA COURT CONDOMINIUM" AS SET FORTH IN SAID Declaration of Condominium and the Exhibits thereto.

> Said Condominium project is situate on Lot 308 and in Square 2528 in the subdivision made by California House Partners Limited, as per plat recorded in Liber 165 at folio 1922 in the Office of the Surveyor for the District of Columbia.

> Said property being now known for assessment and taxation purposes as Lot 2166 in Square 2528.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

12. On June 25, 2002, in order to finance his purchase of the Property, Borrower executed a note, secured by a deed of trust, in the principal amount of $256,000.00 (the "Original Note").

13. On November 15, 2005, the IRS executed a Notice of Federal Tax Lien against Borrower.

14. A true and exact copy of the November 15, 2005 Notice of Federal Tax Lien is attached hereto and incorporated herein as **Exhibit B**.

15. The November 15, 2005 Notice of Federal Tax Lien was recorded in the Land Records of the District of Columbia on January 25, 2006 and assigned Instrument Number 2006011729.

16. On March 8, 2006, Borrower executed a Deed of Trust securing a note in the principal amount of $400,000.00 in favor of Lender.

17. A true and exact copy of the March 8, 2006 Deed of Trust is attached hereto and incorporated herein as **Exhibit C**.

18. The March 8, 2006 Deed of Trust was recorded in the Land Records of the District of Columbia on March 10, 2006 and assigned Instrument Number 2006031439.

19. The purpose of the March 8, 2006 transaction was to refinance the Original Note and to "cash out" any equity in the Property.

20. At closing of the March 8, 2006 transaction, $292,111.50 was paid from the proceeds from Lender to payoff the Original Note.

21. As of the date of the filing of this Complaint, there are no other liens asserted against the Property which will be affected by this litigation.

4

## COUNT I
### (Declaratory Judgment – Equitable Subrogation)

22. Plaintiff adopts and incorporates by reference all allegations contained within Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. In order to obtain a first lien priority on the Property, Lender made payment in the amount of $292,111.59 to satisfy the Original Note secured by a first position lien against the Property.

24. Lender advanced the above-referenced money for the purpose of discharging a prior encumbrance in reliance upon obtaining security equivalent to the discharged lien.

25. The money advanced by Lender, in fact, discharged the prior lien on the Property.

26. Lender has not acted as a volunteer in extending the above-referenced $400,000.00 loan to Borrower.

27. The aforementioned lien, satisfied by a portion of the Lender's loan proceeds, were debts paid in full by Lender for the primary purpose of protecting its own interest as a first position lien holder.

28. Lender is entitled to be equitably subrogated to a first lien position against the Property in the amount of $295,111.59 plus interest accruing since March 8, 2006.

29. An actual, justiciable controversy exists with respect to the validity and priority of the outstanding liens and judgments burdening this property.

30. The relief requested herein would not work an injustice to the rights of others.

**WHEREFORE**, plaintiffs Branch Banking and Trust Company, John S. Burson, Trustee and Gregory N. Britto, Trustee request as follows:

      a.      That the Court determine and adjudicate the rights of the parties with respect to the Property;

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

5

b.      That this Court adjudicate and declare that Branch Banking and Trust Company has a valid, first priority legal or equitable title to or interest in the Property;

c.      That the Court adjudicate and declare that the Branch Banking and Trust Company Deed of Trust maintains priority over the IRS lien which was recorded prior to the March 8, 2006, settlement, at least to the extent of $292,111.59 together with interest from March 8, 2006; and

d.      That this Court award Branch Banking and Trust Company such other and further relief as the Court deems necessary and appropriate to effectuate the foregoing.

### COUNT II
**(Breach of Contract)**

31. Plaintiff adopts and incorporates by reference all allegations contained within Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. The March 8, 2006 Deed of Trust constitutes a valid and binding contract between Lender and Borrower.

33. The March 8, 2006 Deed of Trust provides, in relevant part,

> Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the linen in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.

Deed of Trust, § 5.

34. In the event that this Court determines Lender does not hold a first lien position for the full amount of its lien, the Borrower will have breached the Deed of Trust in that

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

Borrower has not promptly discharged any lien which has priority over the lien of Lender.

35. In the event that this Court determines Lender does not hold a first lien position for the full amount of its lien, the Lender will have suffered damages in the amount of any under-secured portion of its Lien.

**WHEREFORE**, plaintiffs Branch Banking and Trust Company, John S. Burson and Gregory N. Britto request compensatory damages against Darryl S. Milam in favor of Branch Banking and Trust Company in an amount to be determined at trial consisting of that portion of Branch Banking and Trust Company's $400,000.00 loan extended to Darryl S. Milam which does not occupy a first lien position together with pre-judgment interest, costs and its reasonable attorneys fees and any further relief deemed just and proper by this Court.

### COUNT III
**(Fraud)**

36. Plaintiff adopts and incorporates by reference all allegations contained within Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. On March 8, 2006, Borrower executed a Uniform Residential Loan Application stating that the purpose of the refinance was to "cash out" any equity in the Property.

38. A true and exact copy of the March 8, 2006 Uniform Residential Loan Application is attached hereto and incorporated herein as **Exhibit D**.

39. The Uniform Residential Loan Application contains material misrepresentations by Borrower.

40. In response to question "f" contained within the Uniform Residential Loan Application, requesting "Are you presently delinquent or in default on any Federal debt or other

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

7

loan, mortgage, financial obligation, bond or loan guarantee?" Borrower indicated "No."

41. Borrower had actual knowledge that the representations contained in the Uniform Residential Loan Application were false when made.

42. Borrower intended Lender to rely on the representations contained in the Uniform Residential Loan Application.

43. Lender extended $400,000.00 to Borrower in reliance on the representations contained in the Uniform Residential Loan Application.

44. In the event that this Court determines Lender does not hold a first lien position for the full amount of its lien, the Lender will have suffered damages in the amount of any under-secured portion of its Lien.

**WHEREFORE**, plaintiffs Branch Banking and Trust Company, John S. Burson, Trustee and Gregory N. Britto, Trustee request compensatory damages against Darryl S. Milam in favor of Branch Banking and Trust Company in an amount to be determined at trial consisting of that portion of Branch Banking and Trust Company's $400,000.00 loan extended to Darryl S. Milam which does not occupy a first lien position together with pre-judgment interest, costs and its reasonable attorneys fees and any further relief deemed just and proper by this Court.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

8

1730643v.1

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

_____

David H. Cox (Bar No. 250167)
Christopher A. Glaser (Bar No. 463583)
1120 20th Street, N.W.
Suite 300 South
Washington, D.C. 20036-3437
(202) 457-1600
(202) 457-1678 (telecopier)
dcox@jackscamp.com
cglaser@jackscamp.com

*Counsel for Branch Banking and Trust Company,*
*John S. Burson, Trustee and*
*Gregory N. Britto, Trustee*

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

1730643v.1